NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MANCIA-SANDOVAL, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-72420 Agency No. A205-081-907 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jose Luis Mancia-Sandoval, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing Mancia-

Sandoval's appeal from an immigration judge's decision denying Mancia-

Sandoval's application for asylum, withholding of removal and relief under the

Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that the extortion threats and economic loss Mancia-Sandoval suffered in El Salvador do not rise to the level of past persecution. *See Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation omitted)).

The BIA did not err in finding that Mancia-Sandoval failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

To the extent Mancia-Sandoval now claims membership in social groups not presented to the agency, we lack jurisdiction to review any claims based thereon. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Further, substantial evidence supports the agency's determination that Mancia-Sandoval otherwise failed to establish a nexus between any past or feared future harm and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Sangha v. I.N.S.*, 103 F.3d 1482, 1489 (9th Cir. 1997) ("To establish an imputed political opinion, the applicant must show that his persecutors actually imputed a political opinion to him."). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

Thus, Mancia-Sandoval's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Mancia-Sandoval failed to show it is more likely than not he will be tortured by or

with the consent or acquiescence of the government if returned to El Salvador. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**